Richard F. Ensor (10877)
Steven J. Joffee (13258)
MICHAEL BEST & FRIEDRICH, LLP
2750 E Cottonwood Pkwy., Suite 560
Cottonwood Heights, Utah 84121
Telephone: (801) 833-0506
Facsimile: (801) 931-2500

*Attorneys for Plaintiff TCS-Texas L.P.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH—CENTRAL DIVISION**

| | |
|---|---|
| TCS-TEXAS, L.P., a Utah limited partnership,<br><br>     Plaintiff,<br><br>v.<br><br>GRAMERCY EMERGENCY MANAGEMENT PLLC, a Texas professional limited liability company, MERCER EMERGENCY CENTER – VICTORIA, LLC, a Texas limited liability company, GRAMERCY EMERGENCY CENTER – VICTORIA LLC, a Texas limited liability company, UCHENNA K. OJIAKU, an individual, EMMANUELLA AKUAZOKU, an individual, VICTOR HO, an individual, ARIELLE T. LAWSON, an individual, JAMES E. GROSSMAN, an individual, and KATHLEEN M. GROSSMAN, an individual,<br><br>     Defendants. | **COMPLAINT**<br><br>Case No. 2:18-cv-00396-DBP<br><br>Judge Dustin B. Pead |

Plaintiff TCS-Texas, L.P., by and through its undersigned counsel, hereby complains against defendants as follows:

**PARTIES**

1.     Plaintiff TCS-Texas, L.P. ("TCS") is a Utah limited partnership with its principal

place of business in Salt Lake County, Utah.  Each of the partners of TCS is a citizen of the State of Utah.

2. Defendant Gramercy Emergency Management PLLC ("Defendant Gramercy Management") is a Texas professional limited liability company with its principal place of business in Beaumont, Texas.  None of the partners of Defendant Gramercy Management are citizens of the State of Utah.

3. Defendant Mercer Emergency Center – Victoria, LLC ("Defendant Mercer") is a Texas limited liability company with its principal place of business in Victoria, Texas.  None of the members of Defendant Mercer are citizens of the State of Utah.

4. Defendant Gramercy Emergency Center – Victoria, LLC ("Defendant Gramercy") is a Texas limited liability company with its principal place of business in Victoria, Texas.  None of the members of Defendant Gramercy are citizens of the state of Utah.

5. Defendant Uchenna K. Ojiaku ("Defendant Ojiaku") is a citizen of the State of Texas.

6. Defendant Emmanuella Akuazoku ("Defendant Akuazoku") is a citizen of the State of Texas.

7. Defendant Victor Ho ("Defendant Ho") is a citizen of the State of Texas.

8. Defendant Arielle T. Lawson ("Defendant Lawson") is a citizen of the State of Texas.

9. Defendant James E. Grossman ("Defendant J. Grossman") is a citizen of the State of Texas.

10. Defendant Kathleen M. Grossman ("Defendant K. Grossman") is a citizen of the

State of Texas.

11. Defendant Gramercy Management, Defendant Mercer, Defendant Gramercy, Defendant Ojiaku, Defendant Akuazoku, Defendant Ho, Defendant Lawson, Defendant J. Grossman, and Defendant K. Grossman shall be collectively referred to as "Defendants."

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between TCS and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. This Court has personal jurisdiction over Defendants because they have transacted business in the State of Utah in connection with the subject matter of this Complaint and because they have caused harm to TCS in the State of Utah.

14. Additionally, Defendants have consented to exclusive jurisdiction in the State of Utah in the Master Lease and guaranties.

15. Defendants are thus subject to jurisdiction in this state pursuant to Utah's long arm statute, Utah Code Ann. § 78B-3-205(1) and (3), and they have sufficient minimum contacts to satisfy the due process clause of the United States Constitution.

16. Venue is proper in this district under 28 U.S.C. § 1391(a) and (b), as a substantial part of the events giving rise to the claims occurred in this district.

17. Additionally, Defendants have consented to exclusive venue in Utah in the Master Lease and guaranties.

## GENERAL ALLEGATIONS

18. TCS is in the business of leasing equipment and other property to lessees in the

form of finance leases.

19.    Under the terms of a finance lease, the lessee selects the property to be leased and directs the lessor regarding what property is intended to be leased, from what vendor, and at what price the lessor should purchase the property. In other words, a party who desires to lease property from TCS will select the equipment and the vendor. TCS will then buy the property from the vendor to lease to the lessee.

20.    The lessee is then obligated under the terms of the lease to make certain lease and other payments.

21.    TCS entered into a Master Lease Agreement, dated April 4, 2016 (the "Master Lease"), with Defendant Gramercy Management, as lessee, pursuant to which Defendant Gramercy Management leased from TCS certain equipment described in Lease Schedule No. 001, dated April 4, 2016, to the Master Lease, as amended by that certain Amendment No. 01 to the Lease Schedule, dated March 6, 2017 (the "Lease Schedule" and together with the Master Lease, the "Lease"). The property leased to Defendant Gramercy Management under the Lease is defined in the Lease as the "Leased Property".

22.    To secure the payment and performance of Defendant Gramercy Management's obligations under the Lease, Defendant Mercer signed a Guaranty (the "Mercer Guaranty").

23.    To secure the payment and performance of Defendant Gramercy Management's obligations under the Lease, Defendant Gramercy signed a Guaranty (the "Gramercy Guaranty").

24.    To secure the payment and performance of Defendant Gramercy Management's obligations under the Lease, Defendant J. Grossman and Defendant K. Grossman together signed an Individual Guaranty (the "Grossman Guaranty").

25. To secure the payment and performance of Defendant Gramercy Management's obligations under the Lease, Defendant Ho and Defendant Lawson together signed an Individual Guaranty (the "Ho Guaranty").

26. To secure the payment and performance of Defendant Gramercy Management's obligations under the Lease, Defendant Ojiaku and Defendant Akuazoku together signed an Individual Guaranty (the "Ojiaku Guaranty").

27. Section 23 of the Master Lease states that:

The Lease Documents shall be governed in all respects by the laws of the State of Utah, regardless of conflicts of law principles. All matters or disputes in any way relating to or arising out of any Lease, shall be heard exclusively in the state and federal courts in Salt Lake County, Utah, and Lessee hereby (a) unconditionally and irrevocably submits to the exclusive and mandatory jurisdiction and venue of such courts, (b) waives any objection to such exclusive and mandatory jurisdiction, venue or convenience of forum, and (c) covenants not to initiate any action or proceeding in any other jurisdiction or venue.

28. Similarly, Section 8 of the Mercer Guaranty, Section 8 of the Gramercy Guaranty, Section 8 of the Grossman Guaranty, Section 8 of the Ho Guaranty, and Section 8 of the Ojiaku Guaranty state: "Guarantor agrees this guaranty shall be governed by and construed in accordance with the substantive law of the State of Utah and that jurisdiction of any dispute shall be in the Utah state or federal courts. Guarantor submits himself . . . to such jurisdiction."

**DEFENDANT GRAMERCY MANAGEMENT'S BREACH OF THE LEASE**

29. Defendant Gramercy Management has breached the Lease in numerous ways.

30. Pursuant to Section 3 of the Master Lease, Defendant Gramercy Management covenanted to pay the Base Monthly Rental amount set forth in the Lease Schedule.

31. Pursuant to the Lease Schedule, the Base Term is 48 months from the Commencement Date.

32. Pursuant to Section 3 of the Master Lease, as modified by the Amendment, a payment of $ 9,037.39 was due on May 18, 2018.

33. Defendant Gramercy Management failed to make timely payments as required by Section 3 of the Master Lease, including, without limitation, the payment due on May 18, 2018.

34. Defendant Gramercy Management notified TCS on May 8, 2018 of its intent to file for Chapter 7 bankruptcy and that it had closed its only operational location, which constitutes a Material Adverse Change under the Lease.

35. Section 19 of the Master Lease provides that an Event of Default occurs, among other circumstances, when a Lessee fails to pay rent (which is unremedied for ten days) or upon the occurrence of a Material Adverse Change.

36. Section 20 provides that when an Event of Default occurs, TCS may, among other options, accelerate remaining monthly rentals, repossess the Leased Property, and take legal action to enforce the Lease.

## **DEFENDANT MERCER'S BREACH OF ITS GUARANTY**

37. On or about March 15, 2017, Defendant Mercer signed a Guaranty.

38. Pursuant to Section 1 of the Mercer Guaranty, Defendant Mercer covenanted to "unconditionally guarantee (and if more than one Guarantor, jointly and severally guarantee) the full, complete and prompt payment, performance and observance of all of [Defendant Gramercy Management's] obligations under each Lease . . . ."

39. Defendant Mercer has breached the Mercer Guaranty because it has not performed Defendant Gramercy Management's obligations when Defendant Gramercy Management failed to perform.

**DEFENDANT GRAMERCY'S BREACH OF ITS GUARANTY**

40. On or about April 26, 2016, Defendant Gramercy signed a Guaranty.

41. Pursuant to Section 1 of the Gramercy Guaranty, Defendant Gramercy covenanted to "unconditionally guarantee the full, complete and prompt payment, performance and observance of all of [Defendant Gramercy Management's] obligations under each Lease . . . ."

42. Defendant Gramercy has breached the Gramercy Guaranty because it has not performed Defendant Gramercy Management's obligations when Defendant Gramercy Management failed to perform.

**DEFENDANT J. GROSSMAN'S AND DEFENDANT K. GROSSMAN'S BREACH OF THEIR INDIVIDUAL GUARANTY**

43. On or about April 11, 2016, Defendant J. Grossman and Defendant K. Grossman jointly signed an Individual Guaranty.

44. Pursuant to Section 1 of the Grossman Guaranty, Defendant J. Grossman and Defendant K. Grossman covenanted to "unconditionally guarantee the full, complete and prompt payment, performance and observance of all of [Defendant Gramercy Management's] obligations under each Lease . . . ."

45. Defendant J. Grossman and Defendant K. Grossman have breached the Grossman Guaranty because they have not performed Defendant Gramercy Management's obligations when Defendant Gramercy Management failed to perform.

**DEFENDANT HO'S AND DEFENDANT LAWSON'S BREACH OF THEIR INDIVIDUAL GUARANTY**

46. On or about April 26, 2017, Defendant Ho and Defendant Lawson jointly signed

an Individual Guaranty.

47. Pursuant to Section 1 of the Ho Guaranty, Defendant Ho and Defendant Lawson covenanted to "unconditionally guarantee the full, complete and prompt payment, performance and observance of all of [Defendant Gramercy Management's] obligations under each Lease . . . ."

48. Defendant Ho and Defendant Lawson have breached the Ho Guaranty because they have not performed Defendant Gramercy Management's obligations when Defendant Gramercy Management failed to perform.

**DEFENDANT OJIAKU'S AND DEFENDANT AKUAZOKU'S BREACH OF THEIR INDIVIDUAL GUARANTY**

49. On or about April 8, 2016, Defendant Ojiaku and Defendant Akuazoku jointly signed an Individual Guaranty.

50. Pursuant to Section 1 of the Ojiaku Guaranty, Defendant Ojiaku and Defendant Akuazoku covenanted to "unconditionally guarantee the full, complete and prompt payment, performance and observance of all of [Defendant Gramercy Management's] obligations under each Lease . . . ."

51. Defendant Ojiaku and Defendant Akuazoku have breached the Ojiaku Guaranty because they have not performed Defendant Gramercy Management's obligations when Defendant Gramercy Management failed to perform.

**FIRST CAUSE OF ACTION**
**(Breach of the Lease Against Defendant Gramercy Management)**

52. TCS realleges the previous paragraphs as though fully set forth herein.

53. The Lease is a valid and binding contract between TCS and Defendant Gramercy

Management.

54. TCS has fulfilled all of its obligations under the Lease.

55. Defendant Gramercy Management has breached its obligations under the Lease.

56. As a result of Defendant Gramercy Management's breach of the Lease, TCS has been damaged in an amount to be proven at trial, but that exceeds $75,000.00, plus default interest, attorney fees, and costs, together with such other and further relief as shall be just and proper.

## SECOND CAUSE OF ACTION
### (Breach of Good Faith and Fair Dealing Under the Lease Against Defendant Gramercy Management)

57. TCS realleges the previous paragraphs as though fully set forth herein.

58. The Lease contains an implied covenant that each party would act in good faith towards each other so that each party could enjoy the full benefits of the contractual relationship.

59. As alleged above, Defendant Gramercy Management has willfully acted unfairly and breached the implied covenant of good faith and fair dealing.

60. As a result of Defendant Gramercy Management's breach of the duty of good faith and fair dealing, TCS has been damaged in an amount to be proven at trial, but that exceeds $75,000.00, plus default interest, attorney fees, and costs, together with such other and further relief as shall be just and proper.

## THIRD CAUSE OF ACTION
### (Breach of the Mercer Guaranty Against Defendant Mercer)

61. TCS realleges the previous paragraphs as though fully set forth herein.

62. The Mercer Guaranty is a valid and binding contract between TCS and Defendant Mercer.

63. TCS has fulfilled all of its obligations under the Mercer Guaranty.

64. Defendant Mercer breached its obligations under the Mercer Guaranty, including as set forth above.

65. As a result of Defendant Mercer's breach of the Mercer Guaranty, TCS has been damaged in an amount to be proven at trial, but that exceeds $75,000.00, plus default interest, attorney fees, and costs, together with such other and further relief as shall be just and proper.

## FOURTH CAUSE OF ACTION
**(Breach of the Gramercy Guaranty Against Defendant Gramercy)**

66. TCS realleges the previous paragraphs as though fully set forth herein.

67. The Gramercy Guaranty is a valid and binding contract between TCS and Defendant Gramercy.

68. TCS has fulfilled all of its obligations under the Gramercy Guaranty.

69. Defendant Gramercy breached its obligations under the Gramercy Guaranty, including as set forth above.

70. As a result of Defendant Gramercy's breach of the Gramercy Guaranty, TCS has been damaged in an amount to be proven at trial, but that exceeds $75,000.00, plus default interest, attorney fees, and costs, together with such other and further relief as shall be just and proper.

## FIFTH CAUSE OF ACTION
**(Breach of the Grossman Guaranty Against Defendant J. Grossman and Defendant K. Grossman)**

71. TCS realleges the previous paragraphs as though fully set forth herein.

72. The Grossman Guaranty is a valid and binding contract among TCS, Defendant J. Grossman, and Defendant K. Grossman.

73. TCS has fulfilled all of its obligations under the Grossman Guaranty.

74. Defendant J. Grossman and K. Grossman breached their obligations under the Grossman Guaranty, including as set forth above.

75. As a result of Defendant J. Grossman's and Defendant K's Grossman's breaches of the Grossman Guaranty, TCS has been damaged in an amount to be proven at trial, but that exceeds $75,000.00, plus default interest, attorney fees, and costs, together with such other and further relief as shall be just and proper.

## SIXTH CAUSE OF ACTION
**(Breach of the Ho Guaranty Against Defendant Ho and Defendant Lawson)**

76. TCS realleges the previous paragraphs as though fully set forth herein.

77. The Ho Guaranty is a valid and binding contract among TCS, Defendant Ho, and Defendant Lawson.

78. TCS has fulfilled all of its obligations under the Ho Guaranty.

79. Defendant Ho and Defendant Lawson breached their obligations under the Ho Guaranty, including as set forth above.

80. As a result of Defendant Ho's and Defendant Lawson's breaches of the Ho Guaranty, TCS has been damaged in an amount to be proven at trial, but that exceeds $75,000.00, plus default interest, attorney fees, and costs, together with such other and further relief as shall be just and proper.

## SEVENTH CAUSE OF ACTION
**(Breach of the Ojiaku Guaranty Against Defendant Ojiaku and Defendant Akuazoku)**

81. TCS realleges the previous paragraphs as though fully set forth herein.

82. The Ojiaku Guaranty is a valid and binding contract among TCS, Defendant

Ojiaku, and Defendant Akuazoku.

83. TCS has fulfilled all of its obligations under the Ojiaku Guaranty.

84. Defendant Ojiaku and Defendant Akuazoku breached their obligations under the Ojiaku Guaranty, including as set forth above.

85. As a result of Defendant Ojiaku's and Defendant Akuazoku's breaches of the Ojiaku Guaranty, TCS has been damaged in an amount to be proven at trial, but that exceeds $75,000.00, plus default interest, attorney fees, and costs, together with such other and further relief as shall be just and proper.

### EIGHTH CAUSE OF ACTION
**(Breach of Good Faith and Fair Dealing Under the Mercer Guaranty Against Defendant Mercer)**

86. TCS realleges the previous paragraphs as though fully set forth herein.

87. The Mercer Guaranty contains an implied covenant that each party would act in good faith towards each other so that each party could enjoy the full benefits of the contractual relationship.

88. As alleged above, Defendant Mercer has willfully acted unfairly and breached the implied covenant of good faith and fair dealing.

89. As a result of Defendant Mercer's breach of the duty of good faith and fair dealing, TCS has been damaged in an amount to be proven at trial, but that exceeds $75,000.00, plus default interest, attorney fees, and costs, together with such other and further relief as shall be just and proper.

## NINTH CAUSE OF ACTION
**(Breach of Good Faith and Fair Dealing Under the Gramercy Guaranty
Against Defendant Gramercy)**

90. TCS realleges the previous paragraphs as though fully set forth herein.

91. The Gramercy Guaranty contains an implied covenant that each party would act in good faith towards each other so that each party could enjoy the full benefits of the contractual relationship.

92. As alleged above, Defendant Gramercy has willfully acted unfairly and breached the implied covenant of good faith and fair dealing.

93. As a result of Defendant Gramercy's breach of the duty of good faith and fair dealing, TCS has been damaged in an amount to be proven at trial, but that exceeds $75,000.00, plus default interest, attorney fees, and costs, together with such other and further relief as shall be just and proper.

## TENTH CAUSE OF ACTION
**(Breach of Good Faith and Fair Dealing Under the Grossman Guaranty
Against Defendant J. Grossman and Defendant K. Grossman)**

94. TCS realleges the previous paragraphs as though fully set forth herein.

95. The Grossman Guaranty contains an implied covenant that each party would act in good faith towards each other so that each party could enjoy the full benefits of the contractual relationship.

96. As alleged above, Defendant J. Grossman and Defendant K. Grossman have willfully acted unfairly and breached the implied covenant of good faith and fair dealing.

97. As a result of Defendant J. Grossman's and Defendant K. Grossman's breaches of the duty of good faith and fair dealing, TCS has been damaged in an amount to be proven at trial,

but that exceeds $75,000.00, plus default interest, attorney fees, and costs, together with such other and further relief as shall be just and proper.

**ELEVENTH CAUSE OF ACTION**
**(Breach of Good Faith and Fair Dealing Under the Ho Guaranty**
**Against Defendant Ho and Defendant Lawson)**

98. TCS realleges the previous paragraphs as though fully set forth herein.

99. The Ho Guaranty contains an implied covenant that each party would act in good faith towards each other so that each party could enjoy the full benefits of the contractual relationship.

100. As alleged above, Defendant Ho and Defendant Lawson have willfully acted unfairly and breached the implied covenant of good faith and fair dealing.

101. As a result of Defendant Ho's and Defendant Lawson's breaches of the duty of good faith and fair dealing, TCS has been damaged in an amount to be proven at trial, but that exceeds $75,000.00, plus default interest, attorney fees, and costs, together with such other and further relief as shall be just and proper.

**TWELFTH CAUSE OF ACTION**
**(Breach of Good Faith and Fair Dealing Under the Ojiaku Guaranty**
**Against Defendant Ojiaku and Defendant Akuazoku)**

102. TCS realleges the previous paragraphs as though fully set forth herein.

103. The Ojiaku Guaranty contains an implied covenant that each party would act in good faith towards each other so that each party could enjoy the full benefits of the contractual relationship.

104. As alleged above, Defendant Ojiaku and Defendant Akuazoku have willfully acted unfairly and breached the implied covenant of good faith and fair dealing.

105. As a result of Defendant Ojiaku's and Defendant Akuazoku's breaches of the duty of good faith and fair dealing, TCS has been damaged in an amount to be proven at trial, but that exceeds $75,000.00, plus default interest, attorney fees, and costs, together with such other and further relief as shall be just and proper.

## THIRTEENTH CAUSE OF ACTION
### (Writ of Replevin)

106. TCS realleges the previous paragraphs as though fully set forth herein.

107. As a result of Defendants' breaches, as described above, TCS is entitled to a Writ of Replevin compelling Defendants to deliver the Leased Property to TCS.

108. TCS is entitled to the Leased Property by virtue of its having paid for it, and pursuant to the Lease, retained title to it.

109. Pursuant to the Master Lease, TCS is entitled to take possession of the Leased Property.

110. Defendants have wrongfully retained and continue to wrongfully retain the Leased Property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TCS-Texas, L.P. prays for relief as follows:

1. On the First and Second Causes of Action against Defendant Gramercy Management for damages in an amount to be proven at trial, but in an amount that exceeds $75,000.00;

2. On the Third and Eight Causes of Action against Defendant Mercer for damages in an amount to be proven at trial, but in an amount that exceeds $75,000.00;

3. On the Fourth and Ninth Causes of Action against Defendant Gramercy for

damages in an amount to be proven at trial, but in an amount that exceeds $75,000.00;

4. On the Fifth and Tenth Causes of Action against Defendant J. Grossman and Defendant K. Grossman for damages in an amount to be proven at trial, but in an amount that exceeds $75,000.00;

5. On the Sixth and Eleventh Causes of Action against Defendant Ho and Defendant Lawson for damages in an amount to be proven at trial, but in an amount that exceeds $75,000.00;

6. On the Seventh and Twelfth Causes of Action against Defendant Ojiaku and Defendant Akuazoku for damages in an amount to be proven at trial, but in an amount that exceeds $75,000.00;

7. For the Thirteenth Cause of Action, for a Writ of Replevin, and the entry of an immediate Order of Replevin requiring the return of the Leased Property;

8. For attorney fees and costs as allowed by the Master Lease Section 29, and Section 8 of each Guaranty and each Individual Guaranty, and applicable law;

9. For pre-judgment interest at 18% and post-judgment interest at 18% as allowed by the Master Lease and applicable law; and

10. For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 21st day of May 2018.

MICHAEL BEST & FRIEDRICH, LLP

/s/ Richard F. Ensor
Attorneys for Plaintiff