IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TCS-TEXAS, L.P.;<br><br>    Plaintiff;<br><br>v.<br><br>GRAMERCY EMERGENCY MANAGEMENT PLLC; MERCER EMERGENCY CENTER-VICTORIA, LLC; GRAMERCY EMERGENCY CENTER-VICTORIA, LLC; UCHENNA OJIAKU; EMANUELLA AKUAZOKU; VICTOR HO; ARIELLE LAWSON; JAMES GROSSMAN; and KATHLEEN GROSSMAN;<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO SET ASIDE DEFAULTS<br><br>Case No. 2:18-cv-00396-JNP-BCW<br><br>District Judge Jill N. Parrish |

Before the court is a motion to set aside the defaults entered against defendants Gramercy Emergency Management PLLC, Mercer Emergency Center-Victoria, LLC, and Gramercy Emergency Center-Victoria, LLC. [Docket 58]. The court GRANTS the motion.

## BACKGROUND

TCS-Texas, L.P. leased a CT scan machine to Gramercy Emergency Management. Mercer Emergency Center and Gramercy Emergency Center agreed to guaranty Gramercy Emergency Management's obligation to make lease payments. TCS later sued Gramercy Emergency Management, Mercer Emergency Center, Gramercy Emergency Center (the corporate defendants), and several individuals, alleging that Gramercy Emergency Management breached the lease by failing to make payments.

The corporate defendants failed to file a timely response to TCS's complaint. TCS moved for the entry of default against each of the corporate defendants, and the clerk of court entered the default certificates. The day after the certificates of default were entered, the corporate defendants moved to set aside the defaults.

## ANALYSIS

"The court may set aside an entry of default for good cause . . . ." FED. R. CIV. P. 55(C). "The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.*, 65 F.3d 178, *3 (10th Cir. 1995) (unpublished table decision).

Here, the first factor weighs slightly against finding good cause to set aside the defaults. The complaint was served on the corporate defendants in early June 2019. None of these defendants responded within the 21 days provided by the summons. TCS moved for the entry of default on August 29, 2019. On September 13, 2019, an attorney for the corporate defendants contacted TCS and requested that it withdraw the motions for entry of default. TCS declined to withdraw the motions. The Clerk of Court then entered the certificates of default on September 20, 2019. The corporate defendants moved to set aside the defaults the next day.

The corporate defendants assert that their failure to respond in a timely manner is not the result of culpable conduct because of confusion as to who would represent them. The corporate defendants state that some of the individual defendants in this lawsuit hired one set of lawyers to represent them while the remaining individual defendants retained a different set of lawyers. The corporate defendants further aver that in early September 2019, the individual defendants

2

approached different law firms to represent the corporate defendants and that there was some confusion as to which law firm had been retained for the corporate defendants. But any confusion over who represented the corporate defendants in early September cannot excuse their conduct where the time to respond to the complaint expired in late June. Each of the corporate defendants was responsible for complying with the summons and failed to do so long before any confusion arose regarding representation. The court notes, however, that counsel for the corporate defendants contacted TCS before the defaults were entered in an attempt to resolve this issue and that the corporate defendants filed a motion to set aside the default certificates the day after they were entered. The fact that the corporate defendants quickly moved to remedy their default ameliorates somewhat their culpability in failing to timely respond to TCS's complaint. In short, the first factor weighs, to a limited extent, against a finding of good cause to set aside the default.

The second factor—prejudice to the plaintiff—weighs in favor of a finding of good cause. TCS does not argue that it would be prejudiced if the defaults are set aside. And because discovery has not begun in this case, the court is unaware of any prejudice to TCS.

The third factor of a meritorious defense also weighs in favor of setting aside the defaults. The corporate defendants argue that they have a meritorious defense to liability for the missed lease payments because the CT machine that Gramercy Emergency Management leased from TCS was inoperable. The corporate defendants further allege that TCS ignored their requests that it either repair the CT machine or remove it and terminate the lease. In response, TCS contends that these allegations do not provide a meritorious defense because the lease documents signed by Gramercy Emergency Management disclaim any obligation on the part of TCS to provide a functioning CT machine. TCS also argues that provisions of the lease documents waived the corporate defendants' right to assert a claim for breach of contract against TCS.

TCS's arguments are similar to the arguments it made in its motion to dismiss the counterclaim for breach of contract asserted by defendants James Grossman, Kathleen Grossman, Uchenna Ojiaku, and Emmanuella Akuazoku. [Docket 35]. In its order denying the motion to dismiss without prejudice, this court noted that there are several unanswered questions regarding the enforceability of the contractual waivers relied upon by TCS. [Docket 62]. First, the court noted that TCS has not explained how the contractual waivers found in the lease documents can be applied to parties that did not sign the lease contracts. And TCS has pointed to no language in the guaranty agreements that bind the guarantors to these waivers. Second, there is a question as to whether the waivers of TCS's obligation to provide functioning equipment are unconscionable under Utah law. Third, the court observed that provisions waiving the defendants' right to assert a legal claim to enforce the provisions of the lease contracts may invalidate the contracts as illusory. These same legal questions apply to the corporate defendants' inoperable equipment defense. Thus, for the same reasons articulated by the court in its order on the motion to dismiss the counterclaim, the court finds that the corporate defendants have asserted at least a potentially meritorious defense to liability. *See Adams v. Connelly*, No. 1:11-CV-00169-DN, 2012 WL 2055043, at *2 (D. Utah June 6, 2012) ("The parties do not litigate the truth of the claimed defense in the motion hearing. . . . Rather, the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." (alteration in original) (citation omitted)).

In summary, the first *Hunt* factor weighs against setting aside the defaults because the defaults were the result of the corporate defendant's culpable conduct. The second and third factors weigh in favor of setting aside the defaults because TCS would not be prejudiced and the corporate defendants have asserted a potentially meritorious defense. In weighing these factors, the court

4

concludes that the absence of any prejudice to TCS is particularly compelling. The court also considers that default judgments are disfavored. *See Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). The court, therefore, finds good cause to set aside the default certificates entered against the corporate defendants.

## CONCLUSION

The court ORDERS as follows:

1. The court GRANTS the corporate defendant's motion to set aside entry of default against them. [Docket 58].

2. The Certificates of Default against Gramercy Emergency Management, Mercer Emergency Center, and Gramercy Emergency Center are set aside. [Docket 55, 56, 57]

3. The corporate defendants shall answer or otherwise respond to the Complaint within 14 days of this Order.

Signed March 27, 2019.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge